UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

BARRY B. MILLER,

       Petitioner,

Case No. 1:17-cv-1009

v.

Honorable Robert J. Jonker

WILLIE SMITH,

       Respondent.

_____/

## OPINION

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it is premature.

**Discussion**

I.  Factual allegations

Petitioner Barry B. Miller is incarcerated with the Michigan Department of Corrections at Ionia Correctional Facility (ICF) in Ionia County, Michigan. In 2014, a Kent County jury found Petitioner guilty of possession of burglar's tools, resisting and obstructing a police officer, and breaking and entering a motor vehicle to steal less than $200. On December 2, 2014, the court sentenced Petitioner as a habitual offender to 6 to 30 years of imprisonment for the possession-of-burglar's-tools conviction, 3 years and 10 months to 15 years for the resisting-and-obstructing conviction, and time served for the breaking-and-entering conviction.

Petitioner appealed the judgment of conviction and sentence to the Michigan Court of Appeals and the Michigan Supreme Court. Those courts denied his appeals on May 10, 2016, and November 30, 2016, respectively.

Petitioner does not identify any grounds for relief in his petition. (Pet., ECF No. 1.) In a motion filed contemporaneously with his petition, he asks this Court to "subpoena" his "brief and transcripts from the Circuit Court in Grand Rapids." (Mot., ECF No. 3, PageID.77.) He asserts that he has been attempting to file a motion for relief from judgment in state court under subsection 6.500 of the Michigan Court Rules. He claims that he is supposed to be serving a 4-year minimum sentence. "The Court of Appeals said it was a two-year term," but his "time was doubled twice." (*Id.*) In a supplement to his petition filed on November 29, 2017, he states that his "minimum was doubled twice," contrary to the habitual-offender statute. (Suppl., ECF No. 7, PageID.86.) He also contends that he has already filed a Rule 6.500 motion to reduce the minimum sentence from 6 years to 4 years. He asserts that the arguments/documents in support of his reduction can be found in "briefs and transcripts my attorney requested," and that the Michigan

Court of Appeals has documents showing that his minimum sentence, before application of the habitual-offender statute, is 2 years.

## II. Exhaustion of Remedies

Petitioner's application for relief under § 2254 is premature. Apparently, he challenges the calculation of his sentence, and he has filed a motion for relief from judgment in state court raising his claim. Before asserting that claim in this Court, however, Petitioner must exhaust his available state court remedies. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires him to "fairly present" his federal claims so that state courts have a "fair opportunity" to consider them. *O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971). To fulfill the exhaustion requirement, Petitioner must present his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987).

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise the issue he has presented. He has apparently filed a motion for relief from judgment. If the state court denies that motion, he can appeal that decision to the Michigan Court of Appeals and then, if necessary, to the Michigan Supreme Court.

3

Generally, when presented with a petition with unexhausted claims, the Court must determine whether a dismissal for lack of exhaustion would prejudice the petitioner's ability to exhaust his claims and then return to this Court with a fully-exhausted petition. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In this case, dismissal of Petitioner's application will not prevent him from bringing a timely application in the future.

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The Michigan Supreme Court denied Petitioner's appeal on November 30, 2016, but his judgment of conviction did not become final until 90 days later, when the time for filing a petition for a writ of certiorari to the United States Supreme Court expired. *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). Accordingly, absent tolling, Petitioner would have one year from February 28, 2017, to file his federal habeas petition. Assuming that he properly filed a motion for relief from judgment in state court, that motion tolled the statute of limitations, and will continue to toll the statute of limitations for as long as that action is pending. 28 U.S.C. § 2244(d)(2). In other words, Petitioner's motion for relief from judgment in state court paused the clock on the one-year deadline for filing his federal habeas application, and will continue to do so until the Michigan Supreme Court issues a decision on appeal. *Lawrence v. Florida*, 549 U.S. 327 (2007).

The Sixth Circuit has indicated that thirty days is a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Palmer*, 276 F.3d at 781. Petitioner has more than sixty days remaining in his

4

limitations period. Assuming that Petitioner diligently and properly pursues his motion for relief from judgment in the trial court and on appeal, and then promptly returns to this Court after the Michigan Supreme Court issues a decision, he is not in danger of running afoul of the statute of limitations. Therefore, a dismissal of this action will not jeopardize his ability to file a timely petition with fully exhausted claims in the future.

    III.    Motion

Petitioner has filed a motion asking this Court to "subpoena" records from the trial court. Apparently, these records support his claim that the trial court sentenced him improperly. Because the Court finds that Petitioner's claim has not been exhausted, Petitioner's motion will be denied as moot. He does not need those records because he cannot pursue his claim in this Court at this time. Moreover, to the extent that Petitioner needs a copy of these documents, he does not need a subpoena from this Court; he can request the documents from the trial court. *See* Mich. Ct. R. 6.433(C).

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 for lack of exhaustion. Petitioner's motion to subpoena court records will be denied as moot.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must

5

"engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

This Court denied Petitioner's application on procedural grounds of exhaustion. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The Court finds that reasonable jurists could not debate that this Court correctly dismissed the action on exhaustion grounds. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.

Dated:   December 15, 2017            /s/ Robert J. Jonker
                                                                                                   ROBERT J. JONKER
                                                                                                    CHIEF UNITED STATES DISTRICT JUDGE